**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THE BOARD OF EDUCATION OF
HARFORD COUNTY, a Body Corporate
and Politic of the State of
Maryland,
<u>Plaintiff-Appellee,</u>

v.

SUSAN THOMAS; COLIN HINSON, a
minor,
<u>Defendants-Appellants.</u>

No. 99-1407

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MARYLAND;
MARYLAND COALITION FOR INCLUSIVE
EDUCATION; MARYLAND DISABILITY
LAW CENTER; MARYLAND
ASSOCIATION OF BOARDS OF
EDUCATION; NATIONAL SCHOOL
BOARDS ASSOCIATION,
<u>Amici Curiae.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-97-3793-AMD)

Argued: January 25, 2000

Decided: February 23, 2000

Before NIEMEYER, Circuit Judge, HAMILTON, Senior Circuit
Judge, and J. Frederick MOTZ, Chief United States District Judge
for the District of Maryland, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Wayne Darryl Steedman, CALLEGARY & STEEDMAN, P.A., Baltimore, Maryland, for Appellants. Patrick Preston Spicer, PATRICK P. SPICER, P.A., Bel Air, Maryland, for Appellee. **ON BRIEF:** Selene Almazan-Altobelli, Patricia Cox Waldman, MARYLAND COALITION FOR INCLUSIVE EDUCATION, Hanover, Maryland, for Amici Curiae ACLU, et al. Eric B. Schwartz, Deputy Executive Director, MARYLAND ASSOCIATION OF BOARDS OF EDUCATION, Annapolis, Maryland; Julie K. Underwood, General Counsel, NATIONAL SCHOOL BOARDS ASSOCIATION, Alexandria, Virginia, for Amici Curiae Maryland Association, et al.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This is an appeal from an order denying attorney fees sought by Susan Thomas, the mother of a minor child, under the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B) (1997). Because Thomas was not a "prevailing party," we affirm the order of the District Court.

The procedural posture of this case is different from that of the ordinary IDEA action. Thomas and the Board of Education of Harford County had a dispute as to whether Thomas should be reimbursed for the costs of private education her son Colin had received during the 1996-97 school year. Thomas' claim for tuition reimbursement for that year was denied by the Maryland Office of Administrative Hearings, and that decision was affirmed upon Thomas' appeal

2

to the Circuit Court for Harford County. While that claim was being decided, the Board, during an appropriately convened Admission, Review and Dismissal ("ARD") Committee meeting, requested that Colin be reevaluated so that his Individualized Education Program ("IEP") for the 1997-98 school year could be developed. Thomas stated at the ARD meeting that certain of Colin's evaluations had recently been completed, and she would consider whether she would obtain copies to provide to the Board.

Thereafter, Thomas refused to provide the evaluations to the Board despite repeated requests that she do so. Faced with her lack of cooperation, the Board filed a request with the Office of Administrative Hearings seeking an order that would require Thomas to consent and make Colin available for educational and psychological evaluations. Thomas moved to dismiss the Board's request for a hearing on the ground that there is no authority under federal or state law and regulations to require the evaluations sought by the Board. An administrative law judge granted Thomas' motion, and the Board filed an appeal to the United States District Court.

The district court granted a motion to dismiss filed by Thomas, finding that it lacked subject matter jurisdiction to consider the Board's appeal since the Board was not a "party aggrieved" "with respect to" a complaint filed under 20 U.S.C.§ 1415.[1] The Board filed a motion to alter or amend that decision. While that motion was sub curia, it came to light that Colin was no longer attending the private school in which he had been enrolled because he had violated school policy and that he was receiving home schooling. In a status report

_____

[1] During oral argument on the motion to dismiss, the district court expressed concern that the Board might be abusing its authority by pursuing litigation against a parent who would not cooperate in having her child tested and evaluated. An alternative perspective is that the Board was simply (1) trying to protect itself from a claim that it had not developed an adequate IEP, thus subjecting itself to the cost of private tuition, and (2) attempting to meet its statutory and regulatory duty to provide an appropriate education for the minor child. We need not reach the question of which view is more sound, just as we need not and do not decide whether the Board was authorized by law to seek Thomas' consent for further evaluation of Colin.

she filed with the court, Thomas confirmed these facts. She also advised that she would not seek reimbursement for tuition at the Phelps School for the 1997-98 school year, that Colin would not return to the Harford County school system, and that he should no longer be considered a Board student. In response to that report, the court issued an order denying the Board's motion to alter or amend judgment on the ground that the case had become moot. Thomas then filed her motion for attorney fees.

In order to recover attorney fees under IDEA the person seeking fees must be a "prevailing party." 20 U.S.C.§ 1415(i)(3)(B); see also Combs v. School Bd. Of Rockingham County, 15 F.3d 357, 360 (4th Cir. 1994). Here, it may appear at first blush that Thomas was a prevailing party since she was a defendant and succeeded in having the case dismissed. However, although the district court initially ruled that Thomas was correct in contending that the Board's appeal was lacking in merit since it sought unauthorized relief, that decision was the subject of a motion to alter or amend by the Board. The district court never ruled upon the merits of that motion but, instead, found that the case had become moot by virtue of the facts that Colin no longer was attending Phelps and that Thomas affirmatively disavowed any claim for reimbursement for the 1997-98 school year tuition.[2] Under these circumstances it is clear that Thomas has not prevailed on the merits and that it was her own voluntary action that resulted in dismissal of the case. The district court's denial of her claim for attorney fees was, therefore, correct.

AFFIRMED

_____
[2] Thomas now argues that the district court was incorrect in finding the action moot. However, Thomas never made that argument below, and she did not appeal the district court's order denying the Board's motion to alter or amend on the ground of mootness. Thus, the propriety of the mootness ruling is not before us.

4